# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAKUR COBBS GANNAWAY, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 20-CV-3573 |
| : | |
| NICHOLAS STROUMBAKIS, *et al.* : | |
|     Defendants. : | |

## MEMORANDUM

**ROBRENO, J.**                                                                                                    **AUGUST 24, 2020**

Shakur Cobbs Gannaway,[1] a convicted and sentenced state prisoner currently incarcerated at SCI Camp Hill, filed this civil rights action pursuant to 42 U.S.C. § 1983. Gannaway seeks leave to proceed in *forma pauperis*. For the following reasons, Gannaway will be granted leave to proceed *in forma pauperis*, and his Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## I.     FACTUAL ALLEGATIONS

Gannaway has named the following Defendants: Nicholas Stroumbakis, Christopher Connard, Osmer Deming, William Bispel, Douglas Waltman, John Fielding, III,[2] Judge James

---

[1] Gannaway indicated that he has also been known as Shakur D. Gannaway, so the Clerk listed both Shakur Cobbs Gannaway and Shakur D. Gannaway as plaintiffs in the caption of the docket. However, as it is clear there is only one Plaintiff, the Clerk of Court will be directed to terminate Shakur D. Gannaway as a party to this case. The Clerk of Court shall indicate in the docket text that "Shakur Cobbs Gannaway" is also known as "Shakur D. Gannaway."

[2] Several of the attorneys named in this Complaint have represented Gannaway at some point during his criminal proceedings. *See Commonwealth v. Gannaway*, Docket No. CP-06-CR-0003906-2009 (Berks Cty. Court of Common Pleas). The Court is aware that Attorney Nicholas Stroumbakis represented Gannaway at his criminal trial and sentencing. *See Gannaway v. Glunt*, Civ. A. No. 15-CV-4241, 2018 WL 6112065, at *1-3 (E.D. Pa. July 27, 2018). Following sentencing, the state trial court issued an order permitting Stroumbakis to withdraw, and appointed William Bispels to represent Gannaway. (*Id.*) At the PCRA level, Osmer Deming was appointed to represent Gannaway, followed by Douglas Waltman. (*Id.*) The state court docket indicates that Christopher Connard represented Gannaway from January 2019 through

M. Bucci (identified in the Complaint as the "Trial Judge"), Kenneth Kelecic,[3] Matthew A. Thren (identified as an "Assistant District Attorney"), and John T. Adams (identified as the "District Attorney"). (ECF No. 2 at 2-3.)[4] All Defendants are sued in their official and individual capacities. (*Id.* at 2-3, 5.) Briefly stated, Gannaway asserts that the "defendants" violated his "civil and constitutional rights" and avers that the Report and Recommendation issued by United States Magistrate Judge Timothy R. Rice on June 21, 2018, and approved by the undersigned on November 21, 2018 in civil action number 15-4241, provides proof of "the deliberate total disregard to [his] constitutional and civil rights." (*Id.* at 3-5.) Gannaway avers that he remains incarcerated, despite winning "habeas corpus" and that he has not been "granted relief or discharge from custody or both." (*Id.*)

Gannaway asserts that "[b]etween 2008 when [he] was arrested and 365 days excessed for Rule 600 for speedy trial all forms of civil and constitutional rights has been violated along with 5th, 6th, 8th, 14th Amendment especially double jeopardy and civil rights violation." (*Id.* at 5.) Gannaway avers that he has been subjected to an excessive sentence and "over change [sic] for the color of [his] skin compare[d] to the alleg[ed] gunman." (*Id.* at 4.) Gannaway further avers that the "court appointed attorneys listed as defendants . . . intentionally abandon[ed] the oath they took to uphold the United States Constitution at every level." (*Id.* at 4.) Gannaway contends that these "lawyers intentionally abandon[ed] [him] through the trial proceedings and deliberately violated [his] civil and constitutional rights while performing their duty which

---

approximately November 2019. *See Commonwealth v. Gannaway*, Docket No. CP-06-CR-0003906-2009 (Berks Cty. Court of Common Pleas). It further appears that Gannaway is currently represented by John Fielding, III. (*Id.*)

[3] Attorney Kelecic is an Assistant District Attorney for Berks County.

[4] The Court adopts the pagination supplied by the CM/ECF docketing system.

district attorney are not entitle[d] to immunity when the[y] intentionally and know[ing]ly violate these fundamental rights, the[y] actually procedurally defaulted on all guaranteed proceeding[s] deliberately especially the head district attorney and the trial judge and the district judges agree, so [Gannaway] seek[s] compensation." (*Id.* at 6.) (errors in original.) Based on the foregoing assertions, and reading the Complaint as a whole, the Court understands Gannaway to be primarily asserting claims for ineffective assistance of counsel and attorney abandonment.

Gannaway seeks compensatory damages in the amount of "$50,000.00 from each defendant" for "deliberately violating [his] civil and constitutional rights where no state or person is above or beyond the Constitution" and "$30,000.00 from each defendant proven by the Report and Recommendation for punitive damages for deliberately abandoning [his] civil and constitutional rights, practicing 'Jim Crow' treatment." (*Id.* at 5.) Gannaway also seeks "actual discharge of compensation reduction of sentence and charges for the District Judge Robreno Eduardo [sic] adopted and approval of Magistrate Judge Timothy R. Rice."[5] (*Id.*) "The Berks County, Reading court officials deliberately ignoring objecting or responding, proving it was done despitefully to show institutionalize 'Jim Crow' treatment still exist despite all the civil rights leaders who has been murder[ed] for the stand taken for equal rights of the civil rights act of due process." (*Id.*) Gannaway seeks "immediate discharge based on the already proven abandonment by court appointed refusal to raise the issues requested by [him]." (*Id.* at 6.)

Gannaway references a prior *habeas corpus* proceeding in his Complaint. On July 27, 2018, Magistrate Judge Rice recommended that Gannaway's petition for writ of habeas corpus

---

[5] While the undersigned is mentioned in the Complaint, the mention concerns only the prior habeas proceedings. *See Gannaway v. Glunt*, Civ. A. No. 15-4241, 2018 WL 6106377 (E.D. Pa. Nov. 21, 2018). The undersigned is not named as a defendant in this matter, nor is any relief being sought against the undersigned.

3

be granted and that Gannaway's direct appeal rights be reinstated.  *Gannaway v. Glunt*, Civ. A. No. 15-CV-4241, 2018 WL 6112065, at *8 (E.D. Pa. July 27, 2018).  Specifically, Magistrate Judge Rice determined that Gannaway had met his burden of establishing ineffective assistance of trial counsel (as a result of counsel's failure to file a notice of appeal).  (*Id.*)  By Order of the undersigned dated November 11, 2018, the Report and Recommendation of Magistrate Judge Rice was approved and adopted, Gannaway's writ of *habeas corpus* was granted, and the Commonwealth of Pennsylvania was directed to release Gannaway within ninety days unless it reinstated Gannaway's direct appeal rights before then.  *Gannaway v. Glunt*, Civ. A. No. 15-4241, 2018 WL 6106377, at *1 (E.D. Pa. Nov. 21, 2018).  According to the state court docket, the trial judge, the Honorable James M. Bucci, reinstated Gannaway's direct appeal rights on January 14, 2019, well within the time period prescribed by the undersigned's November 21, 2018 Order.

## II.  STANDARD OF REVIEW

The Court will grant Gannaway leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[6]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[6] However, as Gannaway is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

4

(quotations omitted).  Conclusory allegations do not suffice.  *Id.*  As Gannaway is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).  The Court may also consider matters of public record.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

## II.   DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  For the following reasons, Gannaway's claims fail.

### A.   Gannaway's Claims Are Not Cognizable

Gannaway's claims are not cognizable under § 1983 to the extent he is seeking release.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Therefore, to the extent Gannaway seeks immediate discharge (*id.* at 6) or a reduction in sentence (*id.* at 5), he must pursue those claims in a *habeas* case, after exhausting state remedies, rather than a civil rights action.[7]  *See, e.g., Sanchez v. Walton*, Civ. A. No. 18-3415, 2018 WL 4689454, at *2 (E.D. Pa. Sept. 28, 2018) (holding that "any challenge to the calculation of Sanchez's sentence may only be pursued in federal court by filing a petition for a writ of habeas corpus").  To the extent Gannaway is pursuing claims for damages, those claims fail as well for the reasons which follow.

---

[7] The dismissal of this § 1983 case does "not constitute a bar to any collateral attacks by [Gannaway] against his state proceedings."  *Rushing v. Pennsylvania*, 637 F. App'x 55, 58 n.4 (3d Cir. 2016) (per curiam).

### B.      Official Capacity Claims

Gannaway indicates that he is suing the Defendants in their official and individual capacities. (ECF No. 2 at 2-3, 5.) Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

Judge Bucci serves as a judge on the Berks County Court of Common Pleas. The Berks County Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment). As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, Gannaway's claims against Judge Bucci in his official capacity are barred by the Eleventh Amendment.

Moreover, with respect to the remaining Defendants, nothing in the Complaint plausibly suggests that the claimed constitutional violations stemmed from a municipal policy or custom, or municipal failures amounting to deliberate indifference. Accordingly, because Gannaway has not stated a plausible basis for a claim against any municipal entity, his official capacity claims against the remaining named Defendants are not plausible.

### C. Individual Capacity Claims

#### a. Judicial Immunity – Judge James M. Bucci

Since Gannaway's claims against Judge Bucci are based on acts he took in his judicial capacity while presiding over the criminal matter in which Gannaway is a defendant, those claims lack a legal basis because Judge Bucci is entitled to absolute immunity from those claims. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

#### b. Prosecutorial Immunity – ADA Kenneth Kelecic, ADA Matthew A. Thren, and DA John T. Adams

Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Because it appears to the Court that Gannaway bases his claims against Assistant District Attorneys Kelecic, Thren, and District Attorney Adams for acts they took while pursuing criminal charges against him, any such claims lack a legal basis because these prosecutors would be entitled to absolute immunity.

#### c. Attorneys Nicholas Stroumbakis, Christopher Connard, Osmer Deming, William Bispel, Douglas Waltman, and John Fielding, III

Gannaway's claims against his former and current criminal defense attorneys are based on their performance as Gannaway's defense counsel, but the law is settled that criminal defense attorneys are not state actors for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (per curiam) (noting that a court-appointed

attorney is not a state actor for purposes of § 1983); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Thus, the Court must dismiss Gannaway's claims against the aforementioned criminal defense attorneys pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a plausible claim.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Gannaway leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal does not prevent Gannaway from proceeding in a new case on a petition for a writ of *habeas corpus* after exhausting state remedies, to the extent he seeks immediate release from confinement based on the alleged unconstitutionality of his imprisonment. An appropriate Order follows.

**BY THE COURT:**

*Eduardo C. Robreno*
_____
**EDUARDO C. ROBRENO, J.**